Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Myshai Penn**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Centerpiece Holdings, LLC d/b/a Capriotti's Sandwich Shop**, an Arizona company; and **Scott Mahoney,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Myshai Penn ("**Plaintiff**"), for her Verified Complaint against Defendants Centerpiece Holdings, LLC d/b/a Capriotti's Sandwich Shop (**"Capriotti's" or "Entity Defendant"**); and Scott Mahoney (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-

355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff was a full-time employee of Defendants from on or around March 14, 2022, until on or around January 26, 2023 ("**all relevant times**").

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff was an employee Defendant Capriotti's as defined by A.R.S. § 23-350(2).

13. Defendant Capriotti's is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant Capriotti's was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant Capriotti's was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. At all relevant times to the matters alleged herein, Defendant Capriotti's was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Scott Mahoney is an Arizona resident.

18. Defendant Scott Mahoney has directly caused events to take place giving rise to this action.

19. Defendant Scott Mahoney is an employer for Capriotti's.

20. Defendant Scott Mahoney is an owner of Capriotti's.

21. Defendant Scott Mahoney is a member of Capriotti's.

22. Defendant Scott Mahoney has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Scott Mahoney has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the

FLSA, Scott Mahoney is an employer.

25. Defendant Scott Mahoney had the authority to hire and fire employees.

26. On or around March 14, 2022, Defendant Scott Mahoney interviewed and hired Plaintiff.

27. Defendant Scott Mahoney supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

28. Defendant Scott Mahoney would give Plaintiff specific instructions in regard to catering orders.

29. Defendant Scott Mahoney determined the rate and method of Plaintiff's payment of wages.

30. Defendant Scott Mahoney would process payroll.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Scott Mahoney is subject to individual and personal liability under the FLSA.

32. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33. Defendants, and each of them, are sued in both their individual and corporate capacities.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. Plaintiff has a good faith reasonable belief that in her work for Capriotti's, she was employed by an enterprise engaged in commerce that had annual gross sales of at

Doc ID: 2339b5403152aeab8f13e1db8d2695270a0df1b4

least $500,000 in 2022.

36. Plaintiff has a good faith reasonable belief that in her work for Capriotti's, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

37. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

39. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

40. Plaintiff would process credit card transactions.

41. Under the FLSA, Plaintiff is a covered employee under individual coverage.

42. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

43. The Entity Defendant is a sandwich shop.

44. On or around March 14, 2022, Plaintiff Myshai Penn commenced employment with Defendants as an assistant manager.

45. Plaintiff's primary job duties included inventory, helping with scheduling, and handling catering orders.

46. Plaintiff was a non-exempt employee.

47. Plaintiff was to be paid $18.00 an hour.

48. Plaintiff is owed wages for 40 hours of work.

49. Plaintiff has not received her final paycheck in the amount of $720.

50. Plaintiff was not provided full payment for the work she performed.

51. Therefore, because she received less than minimum wage for hours worked, an FLSA, AMWS, and AWS violation has occurred.

52. Plaintiff did not receive overtime for hours worked.

53. Defendants failed to properly compensate Plaintiff for all her overtime.

54. Plaintiff worked in excess of 40 hours per week.

55. Defendants did not provide Plaintiff with check stubs to provide a breakdown of hours worked.

56. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

57. For example, during the work week of November 14, 2022, Plaintiff estimates she worked approximately 50 hours and was not provided any overtime pay.

58. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

59. Defendants required her to work overtime as a condition of her employment.

60. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

61. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

62. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

63. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: 2339b5403152aeab8f13e1db8d2695270a0df1b4

# COUNT I
# (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

64. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

66. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

67. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

68. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

69. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

70. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

71. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

72. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

73. Defendants have not made a good faith effort to comply with the FLSA.

74. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

# COUNT II
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

75. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

76. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

77. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

78. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

79. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

80. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

81. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

82. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

83. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

84. Defendants have not made a good faith effort to comply with the FLSA.

85. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

# COUNT III

**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

86. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

87. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

88. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

89. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

90. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT IV**
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**
**(AGAINST THE ENTITY DEFENDANT ONLY)**

91. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

92. At all relevant times, Plaintiff was employed by entity Defendant within the meaning of the Arizona Wage Statute.

93. Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

94. Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

95. Entity Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

96. Entity Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

97. As a result of entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  vii. willfully violated the Arizona Wage Statute by failing to timely pay all

wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 27, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Myshai Penn declares under penalty of perjury that She has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Myshai Penn*
_____
Myshai Penn